## THE S. O. PIERCE.[1]

### ENGLISH v. THE S. O. PIERCE.

*(District Court, S. D. New York. December 12, 1889.)*

COLLISION—SLIGHT BLOW—DELAY IN SUING—OLD BOATS.

The libelant's canal-boat, while lying at a dock, was hit by another boat in tow of the tug S. O. P.; but it appeared that the blow was not a hard one; that libelant's boat was very old; that nothing was found broken in her at the time; that she continued to run for several months without repairs, and was then only caulked a little; that the impinging boat was not even scratched by the contact; and that the libel in this suit was not filed until 21 months after the occurrence. *Held*, that under such circumstances there was too much doubt of any substantial damage to warrant a decree, and that the suit should be dismissed, but without costs.

In Admiralty. Action for damage by collision.

*T. C. Campbell*, for libelant.

*R. D. Benedict*, (*E. G. Benedict*, of counsel,) for claimant.

BROWN, J. The evidence leaves no doubt that while the libelant's canal-boat S. A. Derrick, loaded with ice, was lying moored alongside the bulk-head at Whitbeck's Ice-House dock, North river, August 23, 1887, she received something of a blow, or contact, from another canal-boat, the Hummel, which had been towed to that dock by the tug S. O. Pierce, and was cast off there by the tug. There is great contradiction as to all the details of the occurrences at the dock,—as to the tide; the object of landing the Hummel; the manner and kind of contact or blow; the number of other boats in tow of the Pierce; the time of landing; the length of the stop; and when the Hummel was removed. These contradictions are such as to make difficult any satisfactory decision as to these details. There are other undisputed circumstances, however, which bring the libelant's claim to any substantial damage under so much

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

doubt that I cannot feel warranted in rendering any decree in his favor. Nothing was found broken at the time,—only some additional leak. This was very soon stopped. The boat continued to run upon her regular business for several months afterwards without any repairs, and, so far as appears, without any material change in her leaking or in the necessary work of running her. In December she had some repairs, but only a small bill for caulking, over three months after the injury complained of. In the following spring her repairs were general. The Hummel received no harm,—not a scratch or mark was caused by the contact. No survey was made of the Derrick at the time, nor any notice of any survey given to the respondents, nor opportunity afforded them to see what, if any, damage had been done; and it was not until about 21 months afterwards that this libel was filed, though nothing prevented immediate suit. The libelant's boat was a very old one. Under the evidence, it is very doubtful even whether the blow was more than one of the ordinary contacts of navigation. Under such other circumstances as I have named, there is too much doubt as to any substantial injury caused by the blow to warrant any decree. I think the entertainment of such demands, and any attempt to give damages for the comparatively slight blow that this must have been, would be more likely to result in injustice, and lead to the multiplication of suits on ill-grounded and fictitious claims, than to promote the cause of substantial justice. I must therefore dismiss the libel; but, as I am satisfied as to the contact, though not as to any substantial legal damage from it, the dismissal must be without costs.